Filed 12/15/22  P. v. Koger CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Modoc)

----

| | |
|---|---|
| THE PEOPLE, | C097589 |
| Plaintiff and Respondent, | (Super. Ct. No. F-20-226) |
| v. | |
| KAELEEN BREANNE KOGER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Kaeleen Breanne Koger asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to Koger, we will affirm the judgment.

1

BACKGROUND

In December 2020, the People charged Koger with 10 felonies, including being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)) and burglary (Pen. Code, § 459/460, subd. (d)).

In August 2021, Koger pled no contest to being a felon in possession of a firearm and burglary. In exchange for her plea, the People agreed Koger would serve three years on probation based on special circumstances. At sentencing, however, the trial court rejected the plea agreement. Koger moved to withdraw from the plea agreement and the trial court granted her motion.

On March 8, 2022, Koger pled no contest to burglary and agreed to a two-year term in "county prison." On March 22, 2022, she moved to withdraw from her plea agreement as she wanted to serve her sentence in state prison. Koger agreed, again, to plead no contest to being a felon in possession of a firearm and burglary, which would require her to serve her sentence in state prison. On March 29, 2022, the amended plea was entered accordingly, and the remaining charges were dismissed.

The trial court sentenced Koger in accordance with her plea agreement: two years for being a felon in possession of a firearm, and a concurrent two-year term for burglary. The trial court ordered Koger to pay direct victim restitution in the amount of $12,953.

On January 17, 2023, this court granted Koger's motion to file a notice of appeal under the constructive filing doctrine. Koger filed her notice of appeal in February 2023 without a certificate of probable cause. Her *Wende* brief was filed in September 2023, and this case became fully briefed on October 25, 2023.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Koger was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the

2

opening brief. More than 30 days have elapsed, and we received no communication from Koger.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to Koger.

DISPOSITION

The judgment is affirmed.


_____/s/_____

BOULWARE EURIE, J.

We concur:


_____/s/_____

EARL, P. J.


_____/s/_____

MAURO, J.

3